NOT DESIGNATED FOR PUBLICATION

No. 129,387

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

QUINTIN LOUIS GAULDEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; GRANT D. BANNISTER, judge. Submitted without oral argument. Opinion filed July 2, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., MALONE and PICKERING, JJ.

PER CURIAM: Quintin Louis Gaulden appeals the district court's judgment granting him a durational departure sentence but denying his request for a dispositional departure to probation. Gaulden moved for the summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48) and the State did not respond. After thoroughly reviewing the record, we affirm the district court's judgment.

In July 2024, the State charged Gaulden with one count each of driving under the influence (DUI) of alcohol—fourth or subsequent offense, driving while suspended, and transporting an open container of alcohol. Gaulden agreed to plead guilty to each offense in exchange for the State recommending concurrent sentences. Before sentencing,

1

Gaulden moved for a durational or dispositional departure sentence. In his motion Gaulden argued that he was making efforts toward rehabilitation by attending counseling, therapy, and alcohol abuse treatment sessions; that the grant of a dispositional departure to probation would reduce prison overcrowding and costs; that he took responsibility for his conduct through his guilty pleas; and that he was remorseful for his conduct.

At the sentencing hearing on June 2, 2025, Gaulden argued in support of his departure motion. The State responded by recommending a presumptive prison sentence because Gaulden had a significant criminal history, he had multiple DUI convictions, and the results of a breath test showed an alcohol content of more than three times the legal limit. The district court ultimately granted Gaulden's request for a durational departure but denied his request for a dispositional departure to probation. The district court found that Gaulden had made efforts toward rehabilitation and was taking responsibility for his actions by pleading guilty. But the district court also found that Gaulden had 21 prior convictions and the DUI was his seventh overall, so it had difficulty justifying probation. The district court departed from the presumptive sentence range of 37 months to 41 months in prison and imposed a controlling sentence of 24 months' imprisonment with total fines of $300. Gaulden timely appealed his sentence.

On appeal, Gaulden claims "the district court erred in failing to depart to probation despite substantial and compelling reasons to support such a departure." We have jurisdiction to hear a sentencing appeal when a district court grants a downward durational departure but denies a dispositional departure to probation. See K.S.A. 21-6820(a) (departure sentence subject to appeal); *State v. Looney*, 299 Kan. 903, 904, 327 P.3d 425 (2014). "A district court's decision to deny a departure will not be reversed unless this court determines that 'the district court's findings of fact are unsupported by substantial competent evidence or that its consideration of mitigators and/or aggravators constituted an abuse of discretion.'" *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). A judicial action is not arbitrary, fanciful, or unreasonable unless no reasonable person would have taken the view adopted by the district court. See *State v. Hillard*, 313 Kan. 830, 838, 491 P.3d 1223 (2021). As the party asserting an abuse of discretion, Gaulden bears the burden to show it. See *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Gaulden does not claim any of the district court's findings are unsupported by substantial competent evidence, so he waives any such claim. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (issues not briefed are deemed waived and abandoned). The district court considered what it found to be substantial and compelling reasons supporting a durational departure in that Gaulden showed some remorse and took responsibility for his conduct, and that he was making efforts toward rehabilitation. But the district court also considered Gaulden's lengthy criminal history, including six prior DUI offenses, and his high level of alcohol content in finding that probation was not justified. A reasonable person could agree with the district court's decision that probation for a defendant's seventh DUI conviction was not conducive to public safety. We conclude from the record that Gaulden has failed to show the district court abused its discretion in denying his motion for a dispositional departure to probation.

Affirmed.